IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LUIS RAUL CAMACHO, §
TDCJ No. 1392365, §
    Petitioner, §
§
v. § EP-10-CV-394-DB
§
RICK THALER, Director, Texas Dep't §
of Criminal Justice, Corr. Inst. Div., §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Luis Raul Camacho's ("Camacho") *pro se* petition for a writ of habeas corpus by a person in State custody pursuant to 28 U.S.C. § 2254 [ECF No. 2]. Therein, Camacho challenges Respondent Rick Thaler's custody of him based on a twenty-year term of imprisonment imposed by a Texas state court after his conviction for attempted aggravated kidnapping.[1] In his motion to dismiss [ECF No. 4], Thaler asserts "[t]he petition should be dismissed because it is time barred."[2] After reviewing the petition and state-court record, the Court concludes Camacho's claims are barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court will accordingly dismiss Camacho's petition. The Court will additionally deny Camacho a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Early in the morning on June 10, 2003, Susana Villa noticed a car pass her while she walked along on Scenic Drive in El Paso, Texas. Later, she observed the same car approach her in the opposite direction. The car stopped in the middle of the road and the driver yelled at her to

---

[1] *See State v. Camacho*, No. 20040D02278 (41st Dist. Ct., El Paso County, Tex. Mar. 16, 2006), *aff'd, Camcho v. State* No. 08-06-00090-CR, 2008 WL 882640 (Tex. App.-El Paso Apr. 3, 2008, no pet.).

[2] Answer 1.

get in. The driver was wearing some type of uniform, and Villa briefly thought he was a police officer. However, Villa realized he was not a police officer when the driver got out of the car, came over to her, grabbed her by her arms, and attempted to pull her into his vehicle. Villa dropped to the ground and struggled as he dragged her towards the car. Before the struggle ended, Villa saw a knife in her assailant's hand. When police officers later showed Villa a photo lineup, she identified Camacho as her attacker.

Deborah Ibaven and her mother, Rebecca Ibaven, were driving in a van on Scenic Drive when they witnessed the attack. They saw a woman on the ground struggling with a man. They watched as the woman kicked and screamed for help. They observed the man trying to pick the woman up by her arms. Deborah Ibaven started to call 9-1-1 on her phone, but the man dropped the woman to the ground and drove off as more cars approached the scene.

A grand jury charged Camacho with aggravated kidnapping. At his trial, Villa described the incident and testified that she did not remember being stabbed. She explained, however, that when two people who were passing by in a van stopped to pick her up, they noticed that she had blood all over her pants. She then realized that her attacker had stabbed her. When the prosecutor showed Villa a knife that had been removed from Camacho's bedroom, she said that it resembled the knife used in the attack, but she could not be sure it was the same knife. Villa identified Camacho in court as her assailant. She testified that she was positive of her identification because she had not forgotten his face. Deborah Ibaven testified that she was able to observe the attacker and she identified Camacho in court as the assailant. Rebecca Ibaven testified the attacker had a moustache and was wearing a mechanic's uniform. She also identified Camacho in court as the assailant. Camacho's trial counsel did not lodge any objections to the in-court identifications.

After hearing the evidence and arguments of counsel, the jury found Camacho guilty of the lesser-included offense of attempted aggravated kidnapping. It then assessed punishment at twenty years imprisonment and a $10,000 fine.

Camacho raised three issues in his direct appeal. First, he asserted that the verdict was improper because the jury failed to reach a verdict on the greater offense of aggravated kidnapping before it considered the lesser-included offense of attempted aggravated kidnapping. Second, he argued that the trial court erred in allowing the in-court identifications of the State's witnesses. Third, he maintained that the trial court erred in not granting his motion for a directed verdict because the evidence was factually insufficient to prove his guilt. The Texas Court of Appeals for the Eighth District rejected Camacho's claims and affirmed his conviction on April 3, 2008. Camacho did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On April 2, 2009, Camacho filed an application for a state writ of habeas corpus challenging the conviction. The Texas Court of Criminal Appeals denied him relief on May 6, 2009. This proceeding followed on August 5, 2010.

In his instant petition, Camacho claims he was convicted "on the basis of an identification that was unconstitutionally suggestive."[3] He argues the police detectives and prosecutors "used impermissibly and unnecessarily SUGGESTIVE IDENTIFICATION PROCEDURES with the victim, Susana Villa and the only other State Key eyewitnesses, Deborah and Rebecca Ibaven."[4]

---

[3] Pet. Attach. A, p. 1.

[4] *Id.*(emphasis in original).

## APPLICABLE LAW

Section 2254 petitions are subject to a one year statute of limitations.[5] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by State action . . . is removed," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[6]

A properly filed state collateral attack tolls the limitation period.[7] Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[8] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[9] It is justified only "in rare and exceptional circumstances."[10] Such circumstances include situations in which a petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[11] Additionally, "'[e]quity is not intended for those who sleep on their

---

[5] *See* 28 U.S.C.A. § 2244(d)(1) (West 2010) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[6] *Id.* §§ 2244(d)(1)(A)-(D).

[7] *See Id.* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

[8] *See Holland v. Florida*, __ U.S. __, __, 130 S.Ct. 2549, 2560 (U.S. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[9] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[10] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[11] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

rights."[12] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[13] Moreover, a petitioner has the burden of proving that he is entitled to equitable tolling.[14] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[15] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[16]

With these principles in mind, the Court turns to the merits of Camacho's claims.

## ANALYSIS

Applying the statutory provisions in the absence of any tolling, Camacho's claims are clearly time-barred. If the relevant event for determining the limitations period was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,"[17] Camacho's conviction became final on May 3, 2008, when the time for him to file a petition for discretionary review expired.[18] Camacho's April 2, 2009,

---

[12] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[13] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[14] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[15] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[16] *Cousin*, 310 F.3d at 848.

[17] 28 U.S.C.A. § 2244(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

[18] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("Here, the one-year limitations period began to run on March 11, 2001, when the thirty-day period for filing a petition for discretionary review in state court ended.") (citing TEX. R. APP. P. 68.2(a)).

application for state writ of habeas corpus tolled the limitations period with thirty-one days remaining. When the Texas Court of Criminal Appeals denied that application on May 6, 2009, Camacho had until June 6, 2009, to file the instant petition. Camacho constructively filed his instant petition on August 5, 2010, the day on which he signed and presumably mailed it.[19]

Camacho does not claim that the State in any way impeded his timely filing of a § 2254 application[20] or allege a claim based on a "right . . .. newly recognized by the Supreme Court" and "made retroactively applicable to cases on collateral review."[21] Further, Camacho's claim concerns an issue that he developed from the trial record and raised in his direct appeal, so it was readily available well before the conviction became final.[22] Thus, his petition is untimely and must be denied unless equitable tolling applies.

This case, however, does not warrant equitable tolling. Camacho has not presented facts that would demonstrate sufficient rare and exceptional circumstances that warrant application of the equitable tolling doctrine. There is no evidence that the State actively mislead Camacho in any way. Nor is there any evidence that extraordinary circumstances prevented the timely filing of the petition. Camacho waited almost one year after his conviction became final to file for

---

[19] *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998) (explaining a *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court).

[20] *See id.* § 2244(d)(1)(B) ("The limitation period shall run from . . . the date on which the impediment to making a motion created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action.").

[21] *See id.* § 2244(d)(1)(C) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

[22] *See id.* § 2244(d)(1)(D) ("The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

state habeas relief. Then waited more than a year after that writ was denied to file the instant petition. "[E]quity is not intended for those who sleep on their rights."[23] Camacho has failed to meet his burden of showing that he is entitled to equitable tolling of the limitations period.

Accordingly, the Court finds that Camacho's petition is time-barred, that he is not entitled to equitable tolling, and that it need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[24] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[25] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[26] Although Camacho has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[27]

---

[23] *Coleman*, 184 F.3d at 403; *see also Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir.1998) (explaining that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights).

[24] 28 U.S.C.A. § 2253(c)(1) (West 2010).

[25] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[26] *See* 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[27] *See* 28 U.S.C.A. 2254 PROC. R. 11(a) (West 2010) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[28] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[29] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[30] Here, Camacho is not entitled to a certificate of appealability because reasonable jurists would agree that his petition is untimely and that he is not entitled to equitable tolling.

## CONCLUSION AND ORDERS

After carefully reviewing the record, the Court concludes Camacho's petition is time-barred and he is not entitled to equitable tolling. Accordingly, the Court will enter the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Luis Raul Camacho's *pro se* petition for a writ of habeas corpus by a person in State custody pursuant to 28 U.S.C. § 2254 [ECF No. 2] because it is time barred.

2. Further, the Court **DENIES** Petitioner Luis Raul Camacho a **CERTIFICATE OF APPEALABILITY**.

---

[28] 28 U.S.C.A. § 2253(c)(2).

[29] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[30] *Id.*

3.  Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause, if any.

**SO ORDERED.**

**SIGNED** this **29th day of April, 2011.**

```
_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE
```